924 A.2d 1192

IN THE MATTER OF AZAMA A. BILQIYS, (A/K/A
YVETTE H. WORTH) AN ATTORNEY AT
LAW (ATTORNEY NO. 013681983).

June 21, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–306, recommending that **AZAMA A. BILQIYS, a/k/a YVETTE H. WORTH**, of **BEDMINSTER**, who was admitted to the bar of this State in 1983, and who has been temporarily suspended from the practice of law since November 3, 2005, be disbarred for violating *RPC* 1.15(a)(knowing misappropriation of client funds), *RPC* 1.15(c)(failure to safeguard client funds), *RPC* 3.3(a)(1) (lack of candor toward a tribunal), *RPC* 3.3(a)(4)(knowingly offering false evidence), *RPC* 8.1(a)(knowingly making a false statement of material fact to disciplinary authorities), *RPC* 8.4(c)(conduct involving dishonesty, deceit or misrepresentation), and the principles in *In re Wilson*, 81 *N.J.* 451, 409 *A.*2d 1153 (1979) and *In re Hollendonner*, 102 *N.J.* 21, 504 *A.*2d 1174 (1985);

And **AZAMA A. BILQIYS, a/k/a YVETTE H. WORTH,** having been ordered to show cause why she should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **AZAMA A. BILQIYS, a/k/a YVETTE H. WORTH,** be disbarred, effective immediately, and that her name be stricken from the roll of attorneys; and it is further

ORDERED that **AZAMA A. BILQIYS, a/k/a YVETTE H. WORTH,** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **AZAMA A. BILQIYS, a/k/a YVETTE H. WORTH,** pursuant to *Rule* 1:21–6, which were restrained from disbursement by Order of the Court filed November 3, 2005, shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.